**BRYAN CAVE LLP**
Julie E. Patterson, California Bar No. 167326
Candice F. Boyd, California Bar No. 246289
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100
E-Mail:  jepatterson@bryancave.com
         candice.boyd@bryancave.com

**BRYAN CAVE LLP**
Jay P. Warren, New York Bar No. 1159169
– Admitted *Pro Hac Vice*
New York, NY 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-4630
jpwarren@bryancave.com

Attorneys for Defendant
JAFACO HOLDING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the BUTCHER AND PROVISION WORKERS PENSION FUND OF SOUTHERN CALIFORNIA,<br><br>            Plaintiffs,<br><br>      v.<br><br>SPECIALTY MEATS, INC.; JAFACO HOLDING, INC.; DOES 1 through 10,<br><br>            Defendants. | Case No. CV13-01995-MMM (PJWx)<br><br>Hon. Margaret M. Morrow<br>Courtroom 780<br><br>**DEFENDANT JAFACO HOLDING, INC.'S AMENDED ANSWER TO PLAINTIFFS THE BOARD OF TRUSTEES' COMPLAINT FOR WITHDRAWAL LIABILITY**<br><br>Complaint Filed: March, 20, 2013<br>Trial Date:       Not Assigned |

For its Amended Answer to the Complaint for Withdrawal Liability ("Complaint") of Plaintiffs The Board of Trustees ("Plaintiffs"), Defendant Jafaco Holding, Inc. ("Jafaco"), and no other entity, responds to the allegations contained in the Complaint as follows:

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

1. In response to the allegations in Paragraph I of the Complaint, Jafaco avers that the allegations in the first sentence of Paragraph I of the Complaint constitute legal argument not requiring a response, and otherwise denies the allegations in the first sentence of Paragraph I with respect to Jafaco. Jafaco denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph I of the Complaint.

## PARTIES

2. In response to the allegations in Paragraph II of the Complaint, Jafaco denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph II of the Complaint.

3. In response to the allegations in Paragraph III of the Complaint, Jafaco denies the allegations in Paragraph III of the Complaint, except Jafaco admits that Specialty Meats, Inc. ("Specialty") was an employer in the period January 2008 through October 2011.

4. In response to the allegations in Paragraph IV of the Complaint, Jafaco denies the allegations in Paragraph IV of the Complaint, except Jafaco admits that Jafaco is a Delaware corporation and that Jafaco owned shares of Specialty. Jafaco avers that the allegations in the first sentence of Paragraph IV constitute legal argument not requiring a response.

5. In response to the allegations in Paragraph V of the Complaint, Jafaco denies the allegations in Paragraph V of the Complaint, and avers that the allegations in Paragraph V constitute legal argument not requiring a response.

**CLAIM FOR RELIEF**

6. In response to the allegations in Paragraph VI of the Complaint, Jafaco denies the allegations in Paragraph VI of the Complaint, except Jafaco admits that Specialty was incorporated on December 10, 2007, and that Jafaco owned 100% of the shares of Specialty at that time. Jafaco avers that the allegations in the first sentence of Paragraph VI constitute legal argument not requiring a response.

7. In response to the allegations in Paragraph VII of the Complaint, Jafaco, (1) admits that Jafaco sold 50% of the shares of Specialty to 6796702 Canada, Inc. ("Canada") on May 31, 2008, and that Jafaco repurchased 50% of the shares of Specialty from Canada in 2010; (2) denies that Specialty was contemplating participation in a mass withdrawal from the Pension Fund at any time during the period from February 2008 through November 7, 2008, which was the period that Specialty was a contributing employer to the Pension Fund; (3) denies knowledge or information sufficient to form a belief as to the truth of the allegations that contributing employers to the Pension Fund other than Specialty were contemplating a mass withdrawal from the Pension Fund in May 2008 or at any other time; (4) avers that the allegations in the first sentence of Paragraph VII constitute legal argument not requiring a response; and (5) otherwise denies the allegations in Paragraph VII of the Complaint.

8. In response to the allegations in Paragraph VIII of the Complaint, Jafaco refers to the Collective Bargaining Agreement and the Trust Agreement for the terms thereof, and otherwise denies the allegations in Paragraph VIII of the Complaint.

9. In response to the allegations in Paragraph IX of the Complaint, Jafaco refers to the Collective Bargaining Agreement and the Trust Agreement for the terms thereof, and otherwise denies the allegations in Paragraph IX of the Complaint.

10. In response to the allegations in Paragraph X of the Complaint, Jafaco refers to the Collective Bargaining Agreement and the Trust Agreement for the terms thereof, and otherwise denies the allegations in Paragraph X of the Complaint.

11. In response to the allegations in Paragraph XI of the Complaint, Jafaco avers that the allegations in Paragraph XI constitute legal argument not requiring a response, and otherwise denies the allegations in Paragraph XI of the Complaint.

12. In response to the allegations in Paragraph XII of the Complaint, Jafaco avers that the allegations in Paragraph XII constitute a legal argument not requiring a response. Jafaco otherwise denies the allegations in Paragraph XII of the Complaint.

13. In response to the allegations in Paragraph XIII of the Complaint, Jafaco denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph XIII of the Complaint.

14. In response to the allegations in Paragraph XIV of the Complaint, Jafaco denies the allegations in Paragraph XIV of the Complaint.

15. In response to the allegations in Paragraph XV of the Complaint, Jafaco denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph XV of the Complaint.

16. In response to the allegations in Paragraph XVI of the Complaint, Jafaco denies that Jafaco was a trade or business under common control with Specialty and that the Initial Withdrawal Liability Notice allegedly delivered to Specialty in January 2010 constituted notice to Jafaco of either Specialty's or Jafaco's liability; admits the allegations in the first sentence of Paragraph XVI with respect to Specialty's receipt of the Initial Withdrawal Liability Notice; and otherwise denies the allegations in Paragraph XVI.

17. In response to the allegations in Paragraph XVII of the Complaint, Jafaco denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph XVII of the Complaint.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

18. In response to the allegations in Paragraph XVIII of the Complaint, Jafaco denies that Jafaco was a trade or business under common control with Specialty and that the Redetermination Liability Notice allegedly delivered to Specialty in January 2010 constituted notice to Jafaco of either Specialty's or Jafaco's liability; admits the allegations in the first sentence of Paragraph XVIII with respect to Specialty's receipt of the Redetermination Liability Notice; and otherwise denies the allegations in Paragraph XVIII.

19. In response to the allegations in Paragraph XIX of the Complaint, Jafaco denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph XIX of the Complaint.

20. In response to the allegations in Paragraph XX of the Complaint, Jafaco denies that Jafaco was a trade or business and that the Reallocation Liability Notice allegedly delivered to Specialty in July 2010 constituted notice to Jafaco of either Specialty's or Jafaco's liability; admits the allegations in the first sentence of Paragraph XX with respect to Specialty's receipt of the Reallocation Liability Notice; and otherwise denies the allegations in Paragraph XX.

21. In response to the allegations in Paragraph XXI of the Complaint, Jafaco denies the allegations in Paragraph XXI of the Complaint.

22. In response to the allegations of Paragraph XXII of the Complaint, Jafaco denies the allegations in Paragraph XXII of the Complaint with respect to Jafaco, and specifically denies that Jafaco was a trade or business under common control with Specialty, that any notice delivered to Specialty constituted notice to Jafaco of either Jafaco's or Specialty's liability, and that Jafaco failed, refused and neglected to respond to the referenced notice, except admits the allegations in the first sentence of Paragraph XXII with respect to Specialty.

23. In response to the allegations in Paragraph XXIII of the Complaint, Jafaco denies the allegations in Paragraph XXIII with respect to Jafaco.

24. In response to the allegations in Paragraph XXIV of the Complaint, Jafaco avers that the allegations in Paragraph XXIV constitute a legal argument not requiring a response, and otherwise denies the allegations in Paragraph XXIV of the Complaint with respect to Jafaco.

25. In response to the allegations in Paragraph XXV of the Complaint, Jafaco denies the allegations in Paragraph XXV with respect to Jafaco.

26. In response to the allegations in Paragraph XXVI of the Complaint, Jafaco denies the allegations in Paragraph XXVI of the Complaint with respect to Jafaco, admits the allegations in the second, third and fourth sentences of Paragraph XXVI with respect to Specialty, and specifically avers that Jafaco's time to request a review or to demand or initiate arbitration has not expired.

27. In response to the allegations in Paragraph XXVII of the Complaint, Jafaco denies the allegations in Paragraph XXVII with respect to Jafaco.

## AFFIRMATIVE DEFENSES

Jafaco asserts upon information and belief the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint is barred by Plaintiffs' failure to assess withdrawal liability in a timely manner.

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

3. Whether or not Jafaco was a member of a controlled group including Specialty as of the date that Specialty withdrew from the Pension Fund; whether or not the sale of 50% of the shares of Specialty to 6796702 Canada, Inc. ("Canada") effective May 31, 2008, was a transaction to evade or avoid liability by Jafaco for payment of potential withdrawal liability that could be assessed against Specialty; whether or not Jafaco is liable for payment of withdrawal liability assessed against

1 Specialty; and whether or not the Initial Withdrawal Liability Notice allegedly
2 delivered to Specialty in January 2010, the Redetermination Liability Notice
3 allegedly delivered to Specialty in January 2010, and/or the Reallocation Liability
4 Notice allegedly delivered to Specialty in July 2010 constitute sufficient notice to
5 Jafaco pursuant to ERISA §4219(b)(1), 29 U.S.C. §1399(b)(1), to commence the 90
6 day period for Jafaco to seek review, respectively, of the Fund's determination of
7 Jafaco's initial withdrawal liability, redetermination liability and reallocation
8 liability pursuant to ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A) (collectively,
9 the "Arbitrable Issues") are all matters that must be determined by arbitration
10 pursuant to ERISA §4221, 29 U.S.C. §1401.

11 　　　By a letter dated and delivered by telefax transmission on August 27, 2009 to
12 the Pension Fund, Specialty responded to a request for information from the Pension
13 Fund regarding the ownership of Specialty by informing the Pension Fund that
14 Jafaco owned 100% of the common stock of Specialty from the incorporation of
15 Specialty on December 11, 2007, through May 31, 2008, when Jafaco sold 50% of
16 the common stock of Specialty to Canada, and that from May 31, 2008 through
17 August 27, 2009, Jafaco and Canada each owned 50% of the common stock of
18 Specialty.  That letter also provided the addresses of Jafaco and Canada to the
19 Pension Fund.

20 　　　As of August 27, 2009, the Pension Fund knew that Jafaco was not in a
21 controlled group of corporations with Specialty as of the date of Specialty's
22 withdrawal from the Pension Fund in November 2008, and therefore, had no
23 liability for Specialty's withdrawal liability to the Pension Fund.

24 　　　Jafaco first received notice from the Pension Fund that the Pension Fund
25 sought to hold Jafaco liable for the Pension Fund's assessment of withdrawal
26 liability against Specialty on March 22, 2013, when the complaint in this action was
27 served on Jafaco.

28 　　　By letter dated May 17, 2013, Jafaco notified the Pension Fund that Jafaco

1 intends to file a Request for Review with the Pension Fund's Board of Trustees,
2 within the time frame permitted under ERISA Section 4219(b)(2)(A), regarding the
3 Pension Fund's determination that Jafaco has an obligation to pay the assessment of
4 withdrawal liability against Specialty, and requested that the Pension Fund provide
5 specified information to Jafaco to enable Jafaco to prepare its Request for Review.

6       By letter dated June 10, 2013, the Pension Fund informed Jafaco that the
7 Initial Withdrawal Liability Notice allegedly delivered to Specialty in January 2010,
8 the Redetermination Liability Notice allegedly delivered to Specialty in January
9 2010, and the Reallocation Liability Notice allegedly delivered to Specialty in July
10 2010 constituted notice to Jafaco pursuant to ERISA §4219(b)(1), 29 U.S.C.
11 §1399(b)(1), because "[n]otice to one member in a controlled group constitutes
12 notice to all;" that Jafaco has waived any right to seek review pursuant to ERISA
13 §4219, 29 U.S.C. §1399; and that the Pension Fund would not provide information
14 to Jafaco pursuant to ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

15       If the Pension Fund declines to grant Jafaco's Request for Review, then
16 Jafaco will commence arbitration of the Arbitrable Issues within the time frame
17 authorized by ERISA §4221, 29 U.S.C. §1401.

18 **FOURTH AFFIRMATIVE DEFENSE (IN THE ALTERNATIVE)**

19     4.    Jafaco incorporates the allegations set forth in Paragraphs 3 through 8
20 of the Third Affirmative Defense as if fully set forth herein.

21       If the Pension Fund opposes Jafaco's effort to seek arbitration of the
22 Arbitrable Issues on the ground, as alleged in the Complaint, that the notices that the
23 Pension Fund delivered to Specialty regarding Specialty's obligation to pay assessed
24 withdrawal liability constituted notice to Jafaco of Jafaco's obligation to pay
25 withdrawal liability assessed against Specialty, then the Pension Fund should be
26 estopped from opposing arbitration based on its failure and refusal to notify Jafaco
27 of the Arbitrable Issues at the time that it delivered withdrawal liability notices to
28 Specialty.

## FIFTH AFFIRMATIVE DEFENSE (IN THE ALTERNATIVE)

5. Jafaco incorporates the allegations set forth in Paragraphs 3 through 10 of the Third and Fourth Affirmative Defenses as if fully set forth herein.

Construing ERISA §4221, 29 U.S.C. §1401, to require Jafaco to pay Specialty's assessed withdrawal liability in the circumstances described in Paragraphs 3 through 10 of the Third and Fourth Affirmative Defenses would constitute a violation of the Fifth Amendment of the United States Constitution.

WHEREFORE, all claims for relief against Jafaco Holding, Inc. should be dismissed in their entirety, with prejudice, and Jafaco should be awarded its attorneys fees and costs.

Dated: June 11, 2013

**BRYAN CAVE LLP**
Julie E. Patterson
Candice F. Boyd


By: */s/ Julie E. Patterson*
        Candice F. Boyd
Attorneys for Defendant
JAFACO HOLDING, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

624907.2\0352454

8

JAFACO'S <u>AMENDED</u> ANSWER TO PLAINTIFFS' COMPLAINT