LINDA BALDWIN JONES, Bar No. 178922
KRISTINA M. ZINNEN, Bar No. 245346
DANIEL S. BROME, Bar No. 278915
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax  (510) 337-1023
E-Mail: courtnotices@unioncounsel.net

Attorneys for Plaintiffs

**BRYAN CAVE LLP**
Julie E. Patterson, California Bar No. 167326
Candice F. Boyd, California Bar No. 246289
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100
E-Mail:  jepatterson@bryancave.com
         candice.boyd@bryancave.com

**BRYAN CAVE LLP**
Jay P. Warren, New York Bar No. 1159169
– Admitted *Pro Hac Vice*
New York, NY 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-4630
jpwarren@bryancave.com

Attorneys for Defendant
JAFACO HOLDING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the BUTCHER AND PROVISION WORKERS PENSION FUND OF SOUTHERN CALIFORNIA,<br><br>                    Plaintiffs,<br><br>     v.<br><br>SPECIALTY MEATS, INC.; JAFACO HOLDING, INC.; DOES 1 through 20, | No. 2:13-cv-01995-MMM-PJW<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:     June 24, 2013<br>Time:     9:00 a.m.<br>Location: Courtroom 780<br><br>Complaint filed: March 20, 2013<br>Trial date: Not set |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

Defendants.

The parties to the above-entitled action jointly submit this Joint Rule 26(f) Report in anticipation of the Scheduling Conference scheduled for June 24, 2013 at 9:00 a.m. in Courtroom 780, Roybal Federal Building, 255 East Temple Street, Los Angeles before the Honorable Margaret M. Morrow.

## I. PARTIES

Plaintiffs, the Board of Trustees, are Trustees of the Butcher and Provision Workers Pension Fund of Southern California ("Pension Fund" or "Plaintiff"). The Pension Fund is an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA, 29 U.S.C. § 186, and a multiemployer employee benefit plan within the meaning of sections 3, 4, and 502 of ERISA, 29 U.S.C. §§ 1002, 1003 and 1132. The Pension Fund is maintained for the purpose of providing retirement and related benefits to plan participants. The Pension Fund is administered by a Board of Trustees, which may bring this action in the name of the Pension Fund pursuant to the express provisions of the Trust Agreement.

Defendant Specialty Meats, Inc. ("Specialty"), has been an employer within the meaning of ERISA Sections 3(5) and 4001(b)(1) (29 U.S.C. §§ 1002, 1301(b)(1)), and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185). Specialty has not yet been served. Plaintiffs are attempting service at a new address.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

Defendant Jafaco Holding, Inc., a Delaware Corporation ("Jafaco" or "Defendant"), owned stock in Specialty. Jafaco has been served and answered.

## II. CLAIMS AND DEFENSES

### A. PLAINTIFFS' DESCRIPTION OF THE CASE

Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), all trades or businesses under common control are a single employer for purposes of Title IV of ERISA, 29 U.S.C. § 4001 et seq., which governs the termination of employee benefit plans. When Specialty incorporated on or about December 10, 2007, Jafaco owned 100% of Specialty's stock. Accordingly, Specialty and Jafaco constituted a commonly controlled group of trades or businesses, and a single employer pursuant to ERISA Section 4001(b), 29 U.S.C. § 1301(b).

By signing a Collective Bargaining Agreement, Specialty agreed to accept and be bound by all the terms, provisions, and conditions of the Collective Bargaining Agreement. The Collective Bargaining Agreement obligated Specialty to make regular and timely contributions to the Pension Fund on behalf of all those employees performing covered work. By signing the Collective Bargaining Agreement and making payments to the Pension Fund, Specialty agreed to accept and be bound by all the terms, provisions, and conditions of the Trust Agreement establishing the Pension Fund and any amendments thereto.

In April 2009, all contributing employers to the Pension Fund withdrew participation from the Pension Fund, thereby effectuating a termination of the Pension Fund by mass withdrawal, in accordance with ERISA Section 4041A, 29 U.S.C. § 1341a. Accordingly, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, Specialty was obligated to pay withdrawal liability as determined by the Pension Fund pursuant to the applicable statutory, administrative, and contractual provisions. As a single employer, Specialty, Jafaco, and any other trades or

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

businesses under common control, are jointly and severally liable for Specialty's withdrawal liability.

Pursuant to Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382, 1399, and the applicable regulations, in January 2010, the Pension Fund calculated the amount of Specialty's initial withdrawal liability to be $30,859.58. Under the payment schedule, Specialty was required to make two (2) payments: $22,179.75, due on March 23, 2010, and $8,679.83 due on June 23, 2010. On or about January 22, 2010, the Pension Fund notified Specialty that its initial withdrawal liability to the Pension Fund was $30,859.50, and demanded payment ("Initial Withdrawal Liability Notice"). Notice to Specialty constituted notice to all trades or businesses under common control with Specialty, including Jafaco.

In January 2010, pursuant to ERISA and the applicable regulations, the Pension Fund calculated Specialty's redetermination liability. The redetermination liability is the sum of Specialty's liability for *deminimis* amounts and 20-year limitation amounts that were excluded from the initial withdrawal liability calculation. The Pension Fund determined Specialty's redetermination liability to be $80,859.58, payable in three quarterly payments of $22,179.75, and a fourth quarterly payment of $14,320.33. On or about January 22, 2010, the Pension Fund notified Specialty of its redetermination liability, and demanded payment ("Redetermination Liability Notice"). Notice to Specialty constituted notice to all trades or businesses under common control with Specialty, including Jafaco.

In July 2010, pursuant to ERISA and the applicable regulations, the Pension Fund calculated Specialty's reallocation liability. The reallocation liability is equal to the sum of Specialty's initial allocable share of the Pension Fund's unfunded vested benefits plus any unassessable amounts determined by the Pension Fund and allocated to Specialty, less any applicable amounts under Section 4225 of ERISA, 29 U.S.C. § 1404. The Pension Fund calculated Specialty's reallocation liability to

4

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

be $949,201.00, and Specialty's total withdrawal liability (consisting of initial withdrawal liability, redetermination liability, and reallocation liability) to be $1,030,060.58, payable in 68 quarterly payments of $22,179.75, plus a 69th quarterly payment of $10,492.99.  On or about July 26, 2010, the Pension Fund notified Specialty that its reallocation liability was $949,201.00 and its total withdrawal liability was $1,030,060.58, and demanded payment ("Reallocation Liability Notice").  Notice to Specialty constituted notice to all trades or businesses under common control with Specialty, including Defendant Jafaco.

Prior to bringing this action, the Trust Fund had not received any quarterly payments of withdrawal liability from Specialty or Jafaco, and as a result, the Trust Fund was forced to bring the current action to collect the total withdrawal liability due and owing to the Trust Fund.  Delinquent withdrawal liability payments are considered delinquent contributions pursuant to ERISA Sections 515, 4219(c) (5) and 4301(b) and the Trust Agreement, thereby triggering the assessment of interest and liquidated damages.  Plaintiffs are entitled to interest, liquidated damages, attorney's fees and costs.

Specialty and Jafaco failed to timely request a review of the initial and redetermination liability assessments. Specialty requested review the reallocation liability determination on or around October 25, 2010, and initiated arbitration on or around April 18, 2011. On February 24, 2012, the arbitrator entered an order dismissing Specialty's claim for failure to prosecute. Because Specialty and Jafaco are treated as a single employer pursuant to ERISA § 4001, Jafaco has waived any right to submit a request for review or initiate arbitration, and has therefore waived any defenses that fall within the purview of ERISA §§ 4201-4219, including ERISA § 4212(c), because the time limit to request a review pursuant to ERISA §4219(b) or to demand or initiate arbitration following such review pursuant to ERISA § 4221(a)(1) has now expired.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

On May 17, 2013, Jafaco submitted a request for information to the Pension Fund, alleging that the Complaint constituted notice pursuant to ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), and requesting information in order to prepare a request for review pursuant to ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A). Although the Pension Fund rejects Jafaco's position that the Complaint constituted notice and that it is entitled to a request for review under ERISA § 4219, the Pension Fund will respond to Jafaco's request for information in accordance with the requirements of ERISA § 101(k), 29 U.S.C. § 1021(k).

Pursuant to Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), any transaction to evade or avoid withdrawal liability shall be disregarded for purposes of assessing and collecting withdrawal liability. During the time period that participating employers of the Pension Fund were contemplating a mass withdrawal from the Pension Fund, Jafaco sold 50% of its stock in Specialty to a Canadian corporation, 6796702 Canada, Inc. ("Canada") on or about May 31, 2008. Shortly following Specialty's withdrawal from the Pension Fund on April 30, 2009, Jafaco repurchased its stock in Specialty from Canada on or about May 29, 2010. This temporary sale of Specialty's stock to Canada should be disregarded pursuant to 29 U.S.C. § 1392(c) as a transaction to evade or avoid withdrawal liability. Accordingly, Specialty and Jafaco should be considered as a commonly controlled group of trades or businesses, and a single employer pursuant to ERISA Section 4001(b), 29 U.S.C. § 1301(b). As such, Defendants are jointly and severally liable for any obligations to the Pension Fund that Specialty has incurred pursuant to Title IV of ERISA, 29 U.S.C. § 1301 *et seq*.

By reason of the foregoing, Defendants are indebted to the Pension Fund for the total withdrawal liability of $1,030,060.58, together with interest thereon, liquidated damages, attorneys' fees, and other costs in accordance with the Trust

Agreement and Sections 4301(b) and 502(g) of ERISA, 29 U.S.C. §§ 1451(b), 1132(g).

**B.  DEFENDANT'S DESCRIPTION OF THE CASE**

The date for determining whether a person is a trade or businesses under common control with a contributing employer to a multiemployer pension plan subject to Title IV of ERISA, 29 U.S.C. § 4001 et seq., is the date of the contributing employer's partial or complete withdrawal from the plan.  Specialty withdrew from the plan on November 7, 2008, the date that it entered into an agreement with the union that represented its employees to permanently cease making contributions to the Pension Fund.  On that date, Jafaco owned 50% of the shares of Specialty, and 6796702 Canada, Inc. ("Canada") owned 50% of the shares of Specialty.  Jafaco did not directly or indirectly own any interest in Canada.  Neither entity owned 80% of the stock of Specialty, which is the threshold for controlled group status, as of the date Specialty withdrew from the Pension Fund.

The transaction in which Jafaco sold 50% of the shares of Specialty to Canada effective May 31, 2008 (the "Transaction"), was based on business considerations, rather than concerns regarding withdrawal liability.  While the Pension Fund alleges that Jafaco was aware of an imminent mass withdrawal of the Pension Fund's contributing employers in May 2008, that mass withdrawal is alleged to have occurred at the end of April 2009.  Jafaco emphatically denies it had any knowledge of an imminent mass withdrawal in May 2008.  Jafaco repurchased 50% of the shares of Specialty from Canada effective May 2010 based on business considerations that arose after the May 2008 purchase.

It is Jafaco's position that the issues whether or not Jafaco was a member of a controlled group including Specialty as of the date that Specialty withdrew from the Pension Fund; whether or not the Transaction was a transaction to evade or avoid liability by Jafaco for payment of potential withdrawal liability that might be

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

assessed against Specialty; whether or not Jafaco is liable for payment of withdrawal liability assessed against Specialty; and whether or not the Initial Withdrawal Liability Notice allegedly delivered to Specialty in January 2010, the Redetermination Liability Notice allegedly delivered to Specialty in January 2010, and/or the Reallocation Liability Notice allegedly delivered to Specialty in July 2010 constitute sufficient notice to Jafaco pursuant to ERISA §4219(b)(1), 29 U.S.C. §1399(b)(1), to have commenced the 90 day period for Jafaco to seek review, respectively, of the Fund's determination of Jafaco's initial withdrawal liability, redetermination liability and reallocation liability pursuant to ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A) are all matters that must be determined by arbitration pursuant to ERISA §4221, 29 U.S.C. §1401.

By a letter delivered to the Pension Fund on August 27, 2009, Specialty responded to a request for information from the Pension Fund regarding the ownership of Specialty by informing the Pension Fund that Jafaco owned 100% of the common stock of Specialty from the incorporation of Specialty on December 11, 2007, through May 31, 2008, when Jafaco sold 50% of the common stock of Specialty to Canada, and that from May 31, 2008 through August 27, 2009, Jafaco and Canada each owned 50% of the common stock of Specialty. That letter also provided the addresses of Jafaco and Canada to the Pension Fund.

As of August 27, 2009, the Pension Fund knew that Jafaco was not in a controlled group of corporations with Specialty as of the date of Specialty's withdrawal from the Pension Fund in November 2008, and therefore, that Jafaco had no liability for Specialty's withdrawal liability to the Pension Fund. While the Pension Fund may have determined, after receiving this information, that the May 2008 Transaction was a transaction to evade or avoid withdraw liability, the Pension Fund never provided notice to Jafaco that it sought to assess Jafaco for the withdrawal liability incurred by Specialty.

8
JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Rather, Jafaco first received notice from the Pension Fund that the Pension Fund sought to hold Jafaco liable for the Pension Fund's assessment of withdrawal liability against Specialty on March 22, 2013, when the complaint in this action was served on Jafaco. By letter dated May 17, 2013, Jafaco notified the Pension Fund that Jafaco intends to file a Request for Review with the Pension Fund's Board of Trustees, within the time frame permitted under ERISA Section 4219(b)(2)(A), regarding the Pension Fund's determination that Jafaco has an obligation to pay the assessment of withdrawal liability against Specialty, and requested that the Pension Fund provide specified information to Jafaco to enable Jafaco to prepare its Request for Review.

By letter dated June 10, 2013, the Pension Fund informed Jafaco that the Initial Withdrawal Liability Notice allegedly delivered to Specialty in January 2010, the Redetermination Liability Notice allegedly delivered to Specialty in January 2010, and the Reallocation Liability Notice allegedly delivered to Specialty in July 2010 constituted notice to Jafaco pursuant to ERISA §4219(b)(1), 29 U.S.C. §1399(b)(1), because "[n]otice to one member in a controlled group constitutes notice to all;" that Jafaco has waived any right to seek review pursuant to ERISA §4219, 29 U.S.C. §1399; and that the Pension Fund would not provide information to Jafaco pursuant to ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2). The fundamental flaws in the Pension Fund's position are (1) that the Pension Fund knew, at the time it issued these notices to Specialty, that whether or not Jafaco was not a member of a controlled group with Specialty on November 7, 2008 was disputed, and (2) that the constructive notice rule that "[n]otice to one member in a controlled group constitutes notice to all" does not apply to a former member of a controlled group.

ERISA §4221, 29 U.S.C. §1401 requires that: "Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

arbitration." The Pension Fund's determinations that the notices it sent to Specialty triggered Jafaco's rights to seek review pursuant to ERISA §4219, 29 U.S.C. §1399, and that the Transaction should be disregarded pursuant to ERISA §4212(c), 29 U.S.C. §1392(c), are therefore subject to arbitration. In any event, even if the Court has the authority to determine the first issue, the notices that the Pension Fund sent to Specialty did not provide sufficient notice to Jafaco of Jafaco's liability to satisfy statutory and due process notice requirements.

### III. PRINCIPAL FACTUAL AND LEGAL ISSUES WHICH THE PARTIES AGREE ARE IN DISPUTE

1) Whether the time has passed for Defendant Jafaco to request review of the withdrawal liability assessments in accordance with ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A) and initiate arbitration in accordance with ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1);

2) Whether Defendant Jafaco has waived any defenses to the withdrawal liability assessment under ERISA §§ 4201-4219, 29 U.S.C. §§ 1381-1399 in accordance with 29 U.S.C. § 1401(a)(1) by failing timely to initiate arbitration;

3) If not, whether Defendant Jafaco's sale of shares of Specialty to Canada was a transaction to evade or avoid withdrawal liability within the meaning of ERISA § 4212;

4) Whether the foregoing three issues should be decided by the Court or by arbitration in accordance with ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1);

5) Whether Defendant Jafaco operated a trade or business under common control with Specialty, which constituted a single employer so that Jafaco is liable for Specialty's withdrawal liability;

6) Whether Defendant Jafaco must pay the Pension Fund Specialty's outstanding withdrawal liability, plus interest, liquidated damages,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10
JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

attorney's fees and costs; and

7) Whether any of Plaintiffs' claims are barred by any of the affirmative defenses alleged by Defendant in its Answer.

## IV. SCHEDULING

There are threshold issues of waiver and arbitrability that should be resolved before addressing the substantive issues of the case. The parties recommend that issues be addressed through motions, hereinafter referred to "waiver and arbitrability motions" for ease of reference. Plaintiffs anticipate filing a motion for summary adjudication as to the issue of waiver of defenses to any matters under ERISA sections 4201 through 4219, 29 U.S. C. 1381 through 1399, including waiver of the right to request review and initiate arbitration. Defendant Jafaco anticipates filing a motion to stay the case and compel arbitration.

The parties propose the following schedule:

| | | |
|---|---|---|
| (a) | Last day to file waiver and arbitrability motions | August 30, 2013 |
| (b) | Hearing on waiver and arbitrability motions | October 4, 2013 |
| (c) | Last day to complete discovery | February 4, 2014 |
| (d) | Last day to file dispositive and non-dispositive motions | January 31, 2014 |
| (e) | Hearing on dispositive motions | April 7, 2014 |
| (f) | Pretrial conference to be conducted | May 7, 2014 |
| (g) | Trial requested for | June 9, 2014 |

### A. DISCLOSURES

Plaintiffs submitted initial disclosures on June 7, 2013, and will also respond to Defendant's request for information in accordance with ERISA § 101(k), 29 U.S.C. § 1021(k). Defendant will submit initial disclosures no later than June 21, 2013.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

**B.     EVIDENCE PRESERVATION**

The parties have taken the necessary steps to preserve all relevant evidence presently in their respective possession and control.

**C.     PARTIES' DISCOVERY STATEMENT**

The parties have not conducted any discovery to date. The parties propose a traditional plan of discovery which would include depositions, document productions, and other written discovery contemplated by the Federal Rules of Civil Procedure.

**D.     PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV.P. 26(F)**

1. **Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

As stated above, Plaintiffs submitted their initial disclosures on June 7, 2013. Defendant will submit its initial disclosures by June 21, 2013. The parties do not propose any changes in the timing, form, or requirements for disclosures under Rule 26(a).

2. **Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties disagree with respect to whether discovery should be conducted in phases. Jafaco believes that discovery should take place in two phases: (1) an initial phase limited to facts material to notice issues (*e.g.,* the information request the Pension Fund made to Specialty, Specialty's delivery of its response to the Pension Fund, and whether the Pension Fund delivered any notices directly to Jafaco), which should end by August 23, 2013; and (2) any discovery relating to the Transaction and other issues, which should only take place after the Court has decided the arbitrability motions. Jafaco will also seek to enter into a stipulation with the Pension Fund regarding facts within the scope of the first phase of

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

discovery, and if those efforts are successful, no such discovery will be needed. The Pension Fund believes that all discovery may proceed while the parties are briefing, and the Court is deciding, the arbitrability motions to avoid delay in the proceedings, to allow discovery on any unforeseen issues related to the initial motions, and to avoid disputes over whether particular discovery requests fall within the proposed initial phase limited to facts material to notice issues.

3. **Rule 26(f)(3): Any issues in relation to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. The parties agree to address any such issues in the event they arise.

4. **Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including-if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in the order.**

The parties do not anticipate any issues relating to claims of privilege or protection as to trial-preparation material. The parties agree to address any such issues in the event they arise.

5. **Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties do not require any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

6. **Rule 26(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16 (b) and (c).**

The parties do not request at this time any other orders to be entered by the court under Rule 26 (c) or Rule 16 (b) and (c). The parties reserve the right to request a protective order should any issues arise in the future that cannot be resolved through agreement.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

E.  **EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## V.  TRIAL

A bench trial is appropriate in this case as it is brought upon and pursuant to ERISA. The parties estimate a court trial length of 2-3 days.

## VI.  SETTLEMENT AND ADR

The parties have not yet made efforts to settle or resolve the case, but agree to carefully monitor the case for opportunities to have settlement discussions. The parties agree to participate in ADR Procedure No. 2 (settlement conference before a neutral selected from the Court's Mediation Panel). The parties agree that it would be helpful if the mediator assigned to this matter had experience with ERISA withdrawal liability cases and an understanding of control group/single employer theories.

## VII.  COMPLEX LITIGATION

This case is not complex and does not require reference to the procedures set forth in the Manual on Complex Litigation.

## VIII.  ADDITIONAL PARTIES

Plaintiffs are attempting to serve Defendant Specialty, which has not yet appeared. The parties do not anticipate the appearance of any additional parties other than Specialty, but reserve the right to add additional parties.

## IX.  MOTIONS

No motions have been filed to date. As discussed above, Plaintiffs anticipate filing a motion for summary adjudication on the issue of waiver of defenses, including the waiver of the right to request review and initiate arbitration. Defendant anticipates filing a motion to stay the case and compel arbitration. The parties anticipate the remaining issues in the case, if any, would be decided on cross-motions for summary judgment. The parties agree that the last day for

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

JOINT RULE 26(F) REPORT
Case No. 2:13-cv-01995-MMM-PJW

hearing all dispositive and non-dispositive motions should be approximately two months before the trial date.

## X. UNUSUAL LEGAL ISSUES

As discussed above, the legal issues presented in this case include 1) the application of ERISA's withdrawal liability notice, review and arbitration provisions to an entity whose status as a controlled group member as of the withdrawal date is disputed, including that entity's receipt of notices, the timeliness of that entity's request to review pension plan determinations, and that entity's waiver of defenses; 2) whether the Transaction was a transaction to evade or avoid liability; and 3) which of the foregoing issues should be decided by the Court and which should be decided in arbitration.

## XI. SEVERANCE AND BIFURCATION

As discussed above, the parties recommend filing the waiver and arbitrability motions early in the case to narrow the issues to be decided. Otherwise the parties do not propose any severance or bifurcation of this case.

Dated: June 14, 2013     WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Kristina M. Zinnen
LINDA BALDWIN JONES
KRISTINA M. ZINNEN
DANIEL S. BROME
Attorneys for Plaintiffs

Dated: June 14, 2013     BRYAN CAVE

By: /s/ Candice F. Boyd
JAY P. WARREN
JULIE E. PATTERSON
CANDICE F. BOYD
Attorneys for Defendant